Learned, P. J.
The complaints allege that plaintiffs are-owners of land'adjoining Han’s creek; that defendants are possessed of, and use, a reservoir on the creek above plaintiffs’ lands, in which the defendants collected and held back large quantities of water, which would otherwise flow down the creek; that plaintiffs’ lands have at sundry times been *503 injured by the wrongful and negligent discharge of water by defendants from said reservoir.
The defendants set up several defenses, to the second, third, fourth and fifth of which plaintiffs demurred. The special term sustained the demurrer and the defendants appealed.
The second defense is that no application, appointment or hearing had been had before any commissioner to ascertain the amount of the damage.
The third defense is that the plaintiff has not, in any form, had the damages settled, adjusted or appraised, and that the same were not appraised within one year, and hence the action was barred by the statute of limitations.
The fourth defense is that Han’s creek has for four years and upwards been a public highway for floating and running logs.
The fifth defense is that Han’s creek has for twenty-five years been used for floating logs and lumber, and hence has become for such purposes a public highway.
According to settled rules each of these defenses must be tested by itself; since no one of them adopts any allegations of another. The defendants, in their points speak of these several defenses as subdivisions of their answer. But each is pleaded as a separate defense; and must so be considered. They are not subdivisions of an answer, but are severally distinct defenses. Taken separately every one of them is evidently insufficient. The defendants intended to set up a defense under chapter 533, Laws of 1880; and without regarding the defective manner of pleading. It may be better to look at the act and see whether the defendants aver any defense, even taking all the defenses together.
Section 3 authorizes persons to construct an apron in connection with any dam, and to reconstruct booms and construct piers, houses or other works, “doing no damage * * * to the owner or occupant of lands * * * flooded thereby.” It provides for an appraisal of damages by three commissioners to be appointed by the county court.
Section 4 provides that the foregoing sections shall not be construed to impair or abridge any private or individual rights, except so far as may be necessary for the improvement of said rivers.
Section 5 provides that any person making claim for damage arising under this act shall apply within one year, or be deprived from recovering the same.
Section 10 provides that any person intending to run lumber shall execute a bond as an indemnity against all dam *504 age which may be done, etc.; and shall not run lumber until such bond shall have been executed.
We may notice in passing that chapter 176, Laws of 1882, does not apply to this case. The reservoir is not on plaintiffs’ lands. Nor do we/think that chapter 408, of the Laws of 1883, applies to damages such as are alleged in the present case.
On examining chapter 533, Laws of 1880, on which defendant principally relies upon the argument of this demurrer, it will be seen that the object of the provision in relation to damages in section 3 is to provide for damages for acts supposed to be authorized by the statute. That is, the act is, to a certain extent, intended as an authority for taking private property for public use; for the use of a highway.
_ And the damages which are to be ascertained under section 3 are such as the statute is supposed to justify. It is not necessary for us on this appeal to inquire whether or not this provision is valid.
The allegations in the complaint are of a “careless, negligent and unnecessary filling up and overflowing of said stream by reason of a careless, wrongful and negligent discharge of the water.”
Now .these are acts for which the statute in question makes no provision. Indeed, it probably could make no lawful provision which should take away the right of trial by jury.
There is, also, the further objection, pointed out by the learned justice at special term, that in order in order to justify any floating of logs the person intending to float them must file a bond, without which bond he shall not float logs. If he does, he is guilty of a misdemeanor. Any person incurring loss or damage by reason of such use of the river may maintain an action on that bond. This provision shows that the party causing damage is liable to an action, and cannot shield himself from an action under the provisions of section 3. Thus it indicates the limited extent, above explained, of said section 3.
Section 10 relating to the bond would also seem to indicate that a party could not protect himself against paying damages, even for a reasonable use of the river in floating logs, unless he had previously filed the bond required. Certainly he cannot escape paying damages for a negligent and careless act.
Judgment interlocutory affirmed, with costs in each case, with leave to defendants to withdraw the second, third, fourth or fifth defenses and to amend their answer on payment of costs below and of this appeal in ten days.
Landon,P. J. and Mayham, J., concur.